Curia, per

Earle, J.
A party plaintiff is not allowed to prosecute two actions at the same time against one defendant for the same cause. And, should he bring a second action without discontinuing the first, the defendant may plead auter action pendent, and the plaintiff will have the costs to pay. For the same reason that he shall not be allowed to do this at Law, he will not be permitted to maintain a suit in Equity and a suit at Law, at one and the same time, for the same cause of action. When the plaintiffs in this case, after suing the defendant at law, filed their Bill in Equity to enforce the same demand, that court, in conformity with the settled rule, required them to make their election to proceed *102 either in one court or in the other, because it would not entertain their bill there, if they persisted in their suit at Law. The plaintiffs, therefore, were obliged to let fall one suit or the other. Having made their election to proceed in Equity, they were obliged to let fall their action at Law.
But I understand the plaintiffs’ counsel to insist that they had a right to do this in their own way, and without costs. I am not aware of any mode in which this can be done; nor have I met with authority for it in any precedent in any book of practice. There are three modes of voluntarily letting fall an action at law : 1st, by a discontinuance, which is allowed only on payment of costs, — 2nd, by entering a nol. pros, on the record, which is also allowed only on payment of costs when it extends to the whole cause of action, — 3rd, by a retraxit, the benefit of which is claimed, I understand, by the plaintiff here. This is done, by the plaintiff, when the cause is called for trial, coming in person into the court where his action is brought, and saying he will not proceed in it. It is so called from the form of the entry, which will be found in 2 Sellon’s Practice, 338. uEt preedict. queerens in propria persona sua venit et elicit quod ipse placitum suwn preed. versus proed. defendent. ulterius prosequi non vult, sed abinde omino se retraxit.” But it is also said that a retraxit must always be in person ; if it is by attorney it is in error. (8 Rep. 53 ; 3 Salk. 245.) It will be perceived that the course pursued by the plaintiffs’ attorney below was any thing but a retraxit, as the plaintiffs did not appear at all, and no entry was made-on the record; besides, a retraxit is a very different thing' from what he seems to have supposed. Instead of being a proceeding to withdraw the record from the court, and to tiansfer it to Equity, it is a proceeding by which the plaintiff withdraws himself from the action altogether. It is an open, voluntary and final renunciation of his suit in court, by which he forever loses his action. (2 Sell. Pr. 338 ; 3 Comm. 296.) If the plaintiffs here had, in proper person, entered a *103 formal retraxit, it may well be doubted whether they could have proceeded in Equity. As to the payment of costs on a retraxit, we will consider that when a case occurs. As the plaintiffs would not let fall their action in any of these forms, and yet refused to go on to trial, having elected to proceed in Equity, no alternative was left but to give the defendant this judgment of non pros.
Hunt &; Smith for the motion.
The Court is of opinion that it was properly ordered, and the motion to set it aside is refused.
Motion dismissed;
the whole Court concurring.